## PARIS TOURTELLOT *vs.* WALTER L. ROSEBROOK.

In an action to recover damages caused by a fire communicated to the plaintiff's land from a coalpit which the defendant lawfully set on fire upon his own land, the burden of proving the defendant's negligence is upon the plaintiff, and *prima facie* proof of the defendant's negligence does not throw upon him the burden of disproving it.

THIS was an action of trespass upon the case, in which the plaintiff alleged that he had sustained damage in his wood and growing trees, by fire communicated to his land from a coalpit which the defendant was burning on his own land.

At the trial in the court of common pleas, before *Merrick, J.* the plaintiff introduced evidence tending to prove that the

Tourtellot *v.* Rosebrook.

defendant's coalpit was placed near the line of his land; that there was much combustible material, near thereto, on his land and on the lands of adjoining owners; that it was a windy day when the fire occurred, and that the season then was, and had been, very dry; that the fire, which consumed the plaintiff's wood and trees, was communicated from said coalpit, which was not watched and attended to with due and necessary care and diligence; and that, in consequence of the defendant's neglect and inattention, the fire escaped from the coalpit, and was conveyed, by the wind or otherwise, to the plaintiff's land.

The defendant introduced evidence which, he insisted, had a tendency to prove that his coalpit was watched and attended to by him with all due and necessary care and diligence, and that the fire was not communicated to the plaintiff's land from the coalpit.   Much conflicting evidence, bearing upon both of these points, was introduced by the opposite parties.

The plaintiff's counsel contended, and asked the judge to instruct the jury, 1st, that when the defendant set fire to his coalpit, it was incumbent on him to control it, if he could, and that he was responsible for the damage done to the plaintiff, unless he was excused by its occurrence by inevitable accident : 2d.  That if the jury should find that the fire on the plaintiff's land took from the coalpit, the burden of proof was on the defendant to show the exercise of a proper degree of diligence : 3d.  That as there was evidence in the case, tending to show that the coalpit could be managed and controlled, and the fire therein be prevented from spreading over the woods near thereto, by one man experienced " in the business of coaling," if the jury should be satisfied thereof, and also that the fire on the plaintiff's land was communicated from the defendant's coalpit, this would constitute a *prima facie* case of negligence, and would throw upon the defendant the burden of proof that he did use due care and diligence.

But the judge declined to adopt these several propositions of the plaintiff's counsel, and, instead thereof, instructed the
39 *

jury, (among other things,) that the defendant might lawfully burn a coalpit on his own land, but that he was bound to exercise and bestow due and reasonable care and diligence to prevent the escape of the fire, or its communication to the property of other persons; that, in the absence of all evidence to the contrary, the law presumed that a person engaged in a lawful business conducted it in a lawful manner; and that, therefore, the plaintiff, to maintain his action, must prove, *first*, that the fire, which occasioned the damage to his wood and trees, was communicated thereto from the defendant's coalpit; and *secondly*, that the defendant, in the burning of his coalpit, did not use due and reasonable care and diligence to control the fire, and prevent its escape and communication to the surrounding lands; and that the burden of proof, in relation to both of these propositions, was on the plaintiff.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions to the judge's instructions.

*Bridges*, for the plaintiff.

*G. Parker & Gale*, for the defendant.

WILDE, J. The only material question raised by these exceptions is, whether the jury were rightly instructed as to the burden of proof. The action was trespass upon the case, charging the defendant with carelessly setting fire to a coalpit on his own land, and not watching the same with proper care and diligence; in consequence of which neglect the fire escaped from the said coalpit, and was conveyed, by the wind or otherwise, to the plaintiff's land, there doing the damage complained of. The court ruled, and so instructed the jury, that the burden of proof was on the plaintiff to prove that the defendant, in the burning of his coalpit, did not use due care and diligence to control the fire and prevent its escape to the surrounding lands. This ruling, we think, was very clearly correct. The action is founded on a charge of negligence, and this is the gist of the action; for the defendant had a right to kindle a fire on his own land, using reasonable care and diligence to prevent its spreading and doing injury to the lands of others. If, then, the jury doubted as

to the charge of negligence, they could not find for the plaintiff, and consequently the burden of proof was on him.

It has been argued, that if the plaintiff had made out a *prima facie* case of negligence, the burden of proof shifted, and that the defendant was bound to prove affirmatively that he had used due care and diligence. But there is no ground whatever for this argument, unless the defendant had confessed and undertaken to avoid all the material facts on which the *prima facie* case depended. For where each of several concurring facts is necessary to one entire cause of action, the denial of either of them is necessarily a denial of the right of action. The burden of proof, therefore, does not shift, unless the defence does not involve a denial of any material allegation in the declaration. The rule is correctly laid down in *Powers* v. *Russell,* 13 Pick. 76, 77. Where the proof on both sides applies to one and the same issue or proposition of fact, the party, whose case requires the establishment of such fact, has all along the burden of proof, although the weight in either scale may at times preponderate. But when *prima facie* evidence is given of such fact, and the adverse party, instead of producing proof to negative the same fact, proposes to show another and distinct proposition, which avoids the effect of it, then the burden of proof shifts and rests upon the party proposing to show the latter fact.

In actions against towns, for defects in highways, it has been uniformly decided that the burden of proof is on the plaintiff to show ordinary care on his part. *Adams* v. *Inhabitants of Carlisle,* 21 Pick. 146, and cases there cited. For the same reason, the plaintiff in this case had the burden of proof of the defendant's negligence ; because, unless that fact was proved, it is very clear that the action cannot be maintained 
*Exceptions overruled.*